DIF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DENNIS HARRIS,

          Plaintiff,

-against-

COUNTY OF NASSAU, KATHLEEN
RICE, Nassau County District Attorney,
DETECTIVE RISPOLI, P.O. VELTE,
Nassau County Police, MICHELLE
HADDAD, Assistant District Attorney
Nassau County, and Others,

          Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

13-CV-4728 (NGG) (RML)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Dennis Harris brings suit under 42 U.S.C. § 1983 against Nassau County and multiple individual defendants, including Nassau County District Attorney Kathleen Rice and Nassau County Assistant District Attorney Michelle Haddad, contesting his arrest by Nassau County police officers and the ensuing state criminal prosecution, which is still pending. Plaintiff's motion for leave to proceed in forma pauperis ("IFP") is GRANTED. However, for the reasons set forth below, Plaintiff's request for injunctive relief is DENIED, and his claims for monetary relief against Rice and Haddad are DISMISSED WITH PREJUDICE. As described below, Plaintiff must file an Amended Complaint by October 18, 2013.

**I.  BACKGROUND**

The following facts are taken from Plaintiff's Complaint and matters of which judicial notice may be taken. See Halebian v. Berv, 644 F.3d 122, 131 & n.7 (2d Cir. 2011).

1

On June 16, 2013, Plaintiff was arrested by Nassau County police officers on petty larceny charges. (Compl. (Dkt. 1) at 4.) The officers impounded Plaintiff's automobile but "did not issue a receipt, nor inventory voucher for the vehicle and the property contained therein." (Id.) Thereafter, Plaintiff was indicted by a grand jury on various charges, and he remains in Nassau County custody pending trial. (Id.) See also People v. Harris, No. 01124N-2013 (Nassau Cnty. Crim. Ct.).

Plaintiff asserts that his constitutional rights were violated because (1) his property was seized "with out [sic] any notice, cause or opportunity to be heard"; (2) Defendants "have falsely charged [Plaintiff] without probable cause"; (3) Defendants "maliciously pursued" the criminal charges; (4) Defendants "procured an[] indictment" without providing sufficient notice to Plaintiff; (5) Defendants failed to comply with certain provisions of New York criminal law; and (6) a police officer refused to loosen Plaintiff's handcuffs. (See Compl. at 5-6, ¶¶ 1-7.) For these alleged violations of 42 U.S.C. § 1983, Plaintiff requests (1) "a preliminary injunction ordering his release from custody without bail"; (2) "a release of his automobile and the contents [located therein]"; (3) "federal oversight of the criminal proceedings against him"; and (4) $100,000 in damages. (Id. at 7.)

## II.  STANDARD OF REVIEW

A district court must dismiss an action in which the plaintiff proceeds IFP if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy"; or (2) "the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack

Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

In reviewing a complaint submitted pro se, the court reads the plaintiff's submissions liberally and interprets them as raising the strongest arguments they suggest. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). This is because "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

## III. DISCUSSION

### A. Younger Abstention

Pursuant to Younger v. Harris, 401 U.S. 37 (1971), a federal court must decline to exercise its jurisdiction and abstain from deciding a constitutional claim where: "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002). A federal court should be particularly careful when asked to enjoin state proceedings because, as compared to monetary damages, injunctions are more likely to pose an

"unacceptable interference with the ongoing state proceeding, the evil against which Younger seeks to guard." Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000); cf. Rivers v. McLeod, 252 F.3d 99, 101-02 (2d Cir. 2001) (holding that Younger does not apply to claims for money damages under 42 U.S.C. § 1983). Here, because all three criteria for Younger abstention are satisfied, Plaintiff's request for injunctive relief is denied.

1. Ongoing State Proceeding

First, it is apparent that Plaintiff's state criminal action is ongoing. Plaintiff alleges that he "remains in custody, to date, in lieu of $25,000 bail" relating to these charges. (Compl. at 4.) Plaintiff also requests "federal oversight of the criminal proceedings against him" (id. at 7), which indicates that the proceedings are still ongoing. Finally, a review of New York State criminal records indicates that Plaintiff's criminal prosecution is active, with the next hearing scheduled for September 17, 2013. See People v. Harris, No. 01124N-2013 (Nassau Cnty. Crim. Ct.). Thus, there is an ongoing state proceeding that would be halted if this court were to award injunctive relief, and the first Younger criterion is met.

2. Important State Interest

Second, important state interests are at stake. "[A] state interest is 'important' where 'the state action concerns the central sovereign functions of state government.'" Arbitron Inc. v. Cuomo, No. 08-CV-8497 (DLC), 2008 WL 4735227, at *4 (S.D.N.Y. Oct. 27, 2008) (quoting Grieve v. Tamerin, 269 F.3d 149, 152 (2d Cir. 2001)).

Here, New York's interest in properly administering its criminal justice system is the prototypical state interest that justifies abstention. New York has an important interest in enforcing its criminal laws. See Washington v. Cnty. of Rockland, 373 F.3d 310, 318 (2d Cir. 2004) (Sotomayor, J.) ("Under Younger, federal courts, in the interest of comity, must abstain

from enjoining pending state court criminal prosecutions and allow state courts to resolve pending matters within their jurisdiction."). Indeed, Younger itself concerned state criminal prosecutions. See 401 U.S. at 45 (detailing the "fundamental policy against federal interference with state criminal prosecutions"). Federal injunctive relief in this case would therefore interfere with an important state interest, satisfying the second Younger prong.

### 3. Adequacy of State Proceedings

Finally, Plaintiff has an adequate "opportunity for judicial review of his constitutional claims during or after the proceeding." Univ. Club v. City of N.Y., 842 F.2d 37, 40 (2d Cir. 1988). In Plaintiff's ongoing criminal proceeding, he may challenge the sufficiency of the evidence against him as well as the circumstances surrounding the seizure of his automobile. See Hansel v. Town Ct. for Town of Springfield, N.Y., 56 F.3d 391, 394 (2d Cir. 1995) ("Because [the criminal defendant] is free to raise his constitutional claims before a legally trained judge both prior to trial, see N.Y. Code Crim. Proc. § 170.25, and after conviction on direct appeal, [he] can assert no bar to having his constitutional argument heard before the state courts.").

For these reasons, all three requirements for Younger abstention are met, and the court denies Plaintiff's request to enjoin his state criminal prosecution.

### B. Prosecutorial Immunity

Prosecutors are entitled to absolute immunity for their prosecutorial acts. "It is well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." Shmueli v. City of N.Y., 424 F.3d 231, 236 (2d Cir. 2005) (internal quotation marks omitted). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts,

regardless of motivation, associated with [the prosecutor's] function as an advocate." Hill v. City of N.Y., 45 F.3d 653, 661 (2d Cir. 1995) (internal quotation marks and citations omitted); see also Buckley v. Fitzsimmons, 509 U.S. 259, 274 n. 5 (1993) (recognizing that absolute immunity shields a "prosecutor's decision to bring an indictment, whether he has probable cause or not"); Pinaud v. Cnty. of Suffolk, 52 F.3d 1139, 1149 (2d Cir. 1995) (holding district attorneys absolutely immune from claims for malicious prosecution and presentation of false evidence to a grand jury); Houston v. Nassau Cnty., No. 08-CV 197 (JFB) (WDW), 2011 WL 477732, at *3 (E.D.N.Y. Feb. 2, 2011) ("[B]oth the Supreme Court and the Second Circuit have made clear that the decision regarding whether or not to initiate prosecution is a quintessential prosecutorial function that is entitled to absolute immunity."). Absolute immunity for prosecutorial acts can be defeated only if the prosecutor is alleged to have acted in the complete absence of jurisdiction. Shmueli, 424 F.3d at 237.

Here, even construing Plaintiff's allegations liberally, the claims against Rice and Haddad must be dismissed because they seek monetary relief against Defendants who are immune from suit. See 28 U.S.C. § 1915(e)(2)(B)(iii). These Defendants' challenged conduct—initiating and pursuing a criminal case—are classic prosecutorial functions. See Hill, 45 F.3d at 661 ("[A] district attorney is absolutely immune from civil liability for initiating a prosecution and presenting the case at trial."); Pinaud, 52 F.3d at 1149; Houston, 2011 WL 477732, at *3. Whether these Defendants properly followed the law is of no moment; because they clearly did not act in the complete absence of jurisdiction, absolute immunity bars all § 1983 claims against them, and because Plaintiff is proceeding IFP, these claims must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(iii); cf. Mills v. Fischer, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of 28 U.S.C.

§ 1915(g).").

Moreover, because of absolute immunity, any attempt to amend the claims against these Defendants would be futile. As such, the claims for monetary damages against Rice and Haddad are dismissed with prejudice. See Mosley v. McIntosh, No. 08-CV-9635 (PKC) (THK), 2009 WL 1542546, at *4 (S.D.N.Y. May 29, 2009) (report and recommendation), adopted by id. at *1 (dismissing IFP claims with prejudice on the basis of absolute immunity because any amendment would be futile).

## IV. CONCLUSION

Plaintiff's motion for leave to proceed IFP is GRANTED. Plaintiff's request for injunctive relief, including a preliminary injunction and continued federal oversight of his state criminal case, is DENIED. Plaintiff's claims for monetary damages against Defendants Rice and Haddad are DISMISSED WITH PREJUDICE.

By October 18, 2013, Plaintiff must file an Amended Complaint that names the individuals personally responsible for the alleged denial of his constitutional rights. If he does not know the names of these individuals, Plaintiff may identify each of them as John Doe or Jane Doe. To the best of his ability, Plaintiff must describe each individual and the role he or she played in the alleged deprivation of his rights. To the extent Plaintiff wishes to bring a claim against Nassau County, he must allege how a municipal policy or custom caused the deprivation of his constitutional rights. See generally Monell v. Dep't of Soc. Servs. of the City of N.Y., 436 U.S. 658 (1978). However, Plaintiff is cautioned that claims for false arrest and malicious prosecution are defeated by the presence of probable cause, see Dickerson v. Napolitano, 604 F.3d 732, 751 (2d Cir. 2010); Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996), and that a grand jury indictment "creates a presumption of probable cause," Savino v. City of N.Y., 331 F.3d 63,

75 (2d Cir. 2003).

Plaintiff is further advised that an Amended Complaint does not simply add to the first Complaint—it completely replaces the original. Therefore, Plaintiff must include in the Amended Complaint all the necessary information that was contained in the original Complaint. The Amended Complaint must be captioned as an "Amended Complaint" and bear the same case number as this Memorandum and Order. Although Plaintiff's request for leave to proceed IFP is granted, no summons shall issue at this time and all further proceedings shall be stayed until October 18, 2013.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 1₃, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge