UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DENNIS HARRIS,

                              Plaintiff,

-against-

NASSAU COUNTY, POLICE OFFICER
VELTE, DETECTIVE RISPOLI, NASSAU
COUNTY POLICE, and Others,

                              Defendants.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CV-4728 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

On November 22, 2013, Defendants County of Nassau, Detective Rispoli, Police Officer Velte, and Nassau County Police Department (collectively "County Defendants") filed a motion to stay this civil rights action, brought pursuant to 42 U.S.C. § 1983, while the underlying criminal matter is pending before state court. (Def. Mot. to Stay (Dkt. 10).) For the following reasons, County Defendants' motion is GRANTED, and Plaintiff's claim challenging the legality of his confinement is sua sponte DISMISSED without prejudice.

I.    **BACKGROUND**

The following facts are taken from Plaintiff Dennis Harris's Amended Complaint and matters of which judicial notice may be taken. See Halebian v. Berv, 644 F.3d 122, 131 & n.7 (2d Cir. 2011).

On June 16, 2013, Plaintiff was arrested by Nassau County police officers on petty larceny charges. (Am. Compl. (Dkt. 7) at 1.) The officers impounded Plaintiff's automobile but did "not issue[] any voucher, inventory receipt or evidence notice for the vehicle or the items allegedly contained therein." (Id.) Thereafter, Plaintiff was indicted by a grand jury on various

1

charges, and he remains in custody in Nassau County pending trial. (Id.); see also People v. Harris, No. 01124N-2013 (Nassau Cnty. Crim. Ct.).

Plaintiff contends that his constitutional rights were violated, and asserts claims of due process violations, false arrest, excessive force, and malicious prosecution, as well as a challenge to the legality of his confinement. (See Am. Compl. at 4.) For these alleged violations of 42 U.S.C. § 1983, Plaintiff seeks relief of: (1) "twenty five thousand dollars each for defendants, Velte and Rispoli"; (2) "two hundred and fifty thousand dollars against Nassau County"; and (3) "the immediate release of his property . . ." (Id. at 4.)

On August 14, 2013, Plaintiff filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. 1.) By Order dated September 13, 2013, the court dismissed with prejudice Plaintiff's claims against Nassau County District Attorney Kathleen Rice and Nassau County Assistant District Attorney Michelle Haddad, and denied Plaintiff's request for injunctive relief. (Dkt. 6.) The court directed Plaintiff to file an amended complaint by October 18, 2013, that names the individuals personally responsible for the alleged denial of his constitutional rights. On October 3, 2013, Plaintiff filed the Amended Complaint as directed. (See Am. Compl.) On November 22, 2013, County Defendants filed a motion to stay this action while the underlying criminal matter is pending before state court. (Def. Mot. to Stay) On January 2, 2014, Plaintiff filed a response in opposition to the County Defendants' motion to stay. (Pl.'s Resp. in Opp'n (Dkt. 13).)

## II. DISCUSSION

### A. Challenge to the Legality of Confinement

Among his claims, Plaintiff challenges the legality of his confinement. (See Am. Compl. at 4, ¶ 16.) However, such relief is not available in a Section 1983 civil rights action; rather, the

appropriate vehicle for such a challenge is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973) (holding that habeas relief is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release from custody); see also Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement . . . are the province of habeas corpus . . . .").

Pursuant to 28 U.S.C. § 1915A, the court must dismiss, sua sponte, "any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Since a writ of habeas corpus is the proper means of challenging the legality of Plaintiff's confinement, his § 1983 claim asserting that his "detention [is] . . . unconstitutional" is dismissed without prejudice.[1]

### B.  Stay of Section 1983 Civil Proceedings

As a general matter, "federal courts lack the authority to abstain from the exercise of jurisdiction that has been conferred," New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 358 (1989), and are therefore "bound to proceed to judgment and to afford redress to suitors before them in every case to which their jurisdiction extends." Chicot Cnty. v. Sherwood, 148 U.S. 529, 534 (1893) (citations omitted). Nonetheless, there is a "longstanding public policy against federal court interference with state court proceedings" that is grounded in "the notion of 'comity,' that is, a proper respect for state functions." Younger v. Harris, 401 U.S. 37, 44 (1971). Thus, federal courts have broad discretion to withhold relief that would cause "undue interference with state proceedings," Council of New Orleans, 491 U.S. at 359, and may

---

[1] The court declines to construe Plaintiff's claim as a petition for a writ of habeas corpus because Plaintiff is ineligible for relief under 28 U.S.C. § 2254 and § 2241. Plaintiff has neither "exhaust[ed] available state judicial remedies," as required under § 2254, Cotto v. Herbert, 331 F.3d 217, 237 (2d Cir. 2003), nor challenged the conditions of his confinement, see Kingsley v. Bureau of Prisons, 937 F.2d 26, 30, n.5 (2d Cir. 1991) (holding that "challenges to the length, appropriateness or conditions of confinement are properly brought under 28 U.S.C. § 2241").

3

be required to abstain from hearing certain cases altogether, see, e.g., Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1986) (holding federal courts may not review final judgments of a state court in judicial proceedings); R.R. Comm'n v. Pullman Co., 312 U.S. 496 (1941) (holding abstention proper where state court's clarification of state law might avoid a federal-court ruling on constitutional grounds).

This non-interference rationale underlies the doctrine in Younger, which requires federal courts to abstain from deciding cases in which plaintiffs seek to enjoin pending state court criminal proceedings. See Younger, 401 U.S. at 44. So long as the plaintiff's constitutional claim can be adjudicated in the state forum, and "so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432, 435 (1982) (internal quotation marks omitted).

Where, as here, a state court defendant seeks monetary damages, "it is less likely that unacceptable interference with the ongoing state proceeding, the evil against which Younger seeks to guard, would result from the federal court's exercise of jurisdiction." Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000). Accordingly, "abstention and dismissal are inappropriate when damages are sought, even when a pending state proceeding raises identical issues and we would dismiss otherwise identical claims for declaratory and injunctive relief . . . ." Id. Instead, the proper course is to "stay . . . the action pending resolution of the state proceeding." Id. This rule "allows a parallel state proceeding to go forward without interference from its federal sibling, while enforcing the duty of federal courts to assume jurisdiction where jurisdiction properly exists." Deakins v. Monaghan, 484 U.S. 193, 202-03 (1988) (citations omitted).

4

Although a stay is considered an "extraordinary remedy," Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) (citing In re Par Pharm., Inc., 133 F.R.D. 12, 13 (S.D.N.Y. 1990)), a court has the discretionary authority to stay a civil action, pending the resolution of parallel criminal proceedings. See United States v. Kordel, 397 U.S. 1, 12 n.27 (1970); Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) (citing SEC v. Dresser Indus., 628 F.2d 1368, 1375 (D.C. Cir. 1997) (Although "the Constitution . . . does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings . . . a court may decide in its discretion to stay civil proceedings.")).

In determining whether a stay of a civil proceeding is appropriate, courts consider several factors, including:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

Trs. of Plumbers, 886 F. Supp. at 1139 (citations omitted). In this case, these factors weigh in favor of granting a stay.

1. Overlap of the Issues

"A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter." Crawford & Sons v. Besser, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004); see also Parallel Civil and Criminal Proceedings, 129 F.R.D. 201, 203 (S.D.N.Y. 1989) ("The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues."). Here, there is substantial overlap of the issues in the civil and criminal cases. Plaintiff's civil and the criminal actions both stem from the same

underlying events: Plaintiff's arrest, indictment, and prosecution in Nassau County. (See Am. Compl.; Def. Mot. to Stay at 2.).

Furthermore, the determination of Plaintiff's false arrest and malicious prosecution claims depends upon the outcome of the criminal proceedings. (Am. Compl. at 2; Def. Mot. to Stay at 2, Ex. A.) "[A] claim for damages under § 1983 can only be brought [for malicious prosecution] if plaintiff's underlying conviction is invalidated." Parker v. City of New York, No. 09-CV-3026 (JG), 2009 WL 2414426, at *1 (E.D.N.Y. Aug. 5, 2009); see also Heck v. Humphrey, 512 U.S. 477, 485 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused. This requirement avoids parallel litigation over the issues of probable cause and guilt . . . ."). Moreover, "under New York law, the existence of probable cause is an absolute defense to a false arrest claim." Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006); see also Singer v. Fulton Cnty. Sheriff, 63 F.3d. 110, 118 (2d Cir. 1995) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause.").

Because Plaintiff asserts his constitutional rights were violated on a theory of false arrest and malicious prosecution, a stay of these proceedings will allow any overlapping issues to be addressed in the underlying criminal proceedings. Moreover, Plaintiff's allegation that County Defendants lacked probable cause, an element of a false arrest claim, might also be adjudicated in the underlying criminal proceeding, and subsequently subject to issue preclusion. Thus, the first factor weighs heavily in favor of granting a stay of these proceedings.

2. Status of the Criminal Case

Courts consistently hold that "[a] stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." Trs. of Plumbers, 886 F. Supp. at

1139; see also In re Par Pharm, Inc., 133 F.R.D. 12, 13 ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment."). At the time County Defendants filed this motion, Plaintiff has already been indicted in a criminal proceeding before Nassau County Criminal Court, which is ongoing and currently scheduled for a hearing on August 11, 2014. See People v. Harris, No. 01124N-2013 (Nassau Cnty. Crim. Ct.). As such, the second factor weighs in favor of granting a stay as well.

### 3. Private and Public Interests

Although Plaintiff neither articulates a private interest in proceeding expeditiously nor any specific prejudice that would be caused by a delay, courts recognize that plaintiffs to a civil action have a "strong interest" in their "expeditious resolution." See Volmar, 152 F.R.D. at 40; Trs. of Plumbers, 886 F. Supp. at 1140 ("Plaintiffs have a legitimate interest in the expeditious resolution of their case."); (See Pl.'s Resp. in Opp'n.) The court appreciates that a stay will result in a delay to Plaintiff's civil suit. However, Plaintiff incurs minimal prejudice, if any, by staying this action until resolution of the criminal matter—which appears imminent.[2] See In re Cargo Shipping Services, No. 06-MD-1775 (VP), 2010 WL 5027536, at *2 (E.D.N.Y. Dec 3, 2010) (granting stay where "no significant burden would be imposed on the plaintiffs"); Gustave v. City of New York, No. 10-CV-3314 (RM), 2010 WL 3943428 (E.D.N.Y. Oct. 6, 2010) (holding that a stay "will not unfairly prejudice plaintiffs" but rather "merely delay civil discovery, not prevent it entirely").

On the whole, granting County Defendants' motion to stay these proceedings should be beneficial to both parties; it will likely narrow the issues before the court, and prevent both parties from performing unnecessarily duplicative work. See Crawford & Sons, 298 F. Supp. at

---

[2] As noted, Plaintiff's next hearing in state court is scheduled for August 11, 2014. See People v. Harris, No. 01124N-2013 (Nassau Cnty. Crim. Ct.).

319 (finding that a stay would "avoid duplication" as a "conviction or acquittal in the criminal action may negate or buttress some or all of the plaintiffs' claims" and provide the parties with the benefit of "the transcript and rulings in the criminal action"); Trs. of Plumbers, 886 F. Supp. at 1140 (finding that the criminal action "may reduce the scope of discovery in the civil case and the evidence gathered during the criminal prosecution can later be used in the civil action"); see also Parker, 2007 WL 2462677, at *6 (concluding that "resolution of the criminal case may increase prospects for settlement of the civil case"). These reasons also further the court's interest in judicial economy and efficiency.

Furthermore, the public's interest is best served by "preserving the integrity of the criminal case." Crawford & Sons, 298 F. Supp. at 319. Plaintiff has failed to identify any public interest that would be seriously or immediately injured by a stay in these proceedings. See Trs. of Plumbers, 886 F.R.D. at 1140 (holding that "this is not a case where a stay of the case will cause serious or immediate injury to those [public] interests"); Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985) ("If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it."). Thus, the public and private interests weigh in favor of staying these civil proceedings.

## III. CONCLUSION

For the foregoing reasons and in the interest of judicial economy, County Defendants' Motion to Stay these proceedings is GRANTED, pending resolution of Plaintiff's criminal proceedings. Plaintiff's challenge to the legality of his confinement is DISMISSED WITHOUT

PREJUDICE. All deadlines, including County Defendants' time to answer, will be held in abeyance, until the resolution of the criminal case. Within 30 days of the resolution of the criminal case, County Defendants shall inform the court by letter of the status of that case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
July 8, 2014

NICHOLAS G. GARAUFIS
United States District Judge